UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**DOMINICK CUNNINGHAM**                                                                                    **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 1:12CV-P207-R**

**ROGER WOMACK et al.**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Dominick Cunningham, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, a pretrial detainee at the Warren County Regional Jail (WCRJ), sues in their individual capacities the following WCRJ employees:  Roger Womack and Thomas Maxwell.  Plaintiff states that on December 7, 2012, he was called to the worship service that he has attended numerous times before.  He alleges that Defendant Womack violated his First Amendment rights when he told Plaintiff that he "must leave cause I was standing around learning how to pray."  He alleges that Defendants Womack and Maxwell violated his Fourteenth Amendment due-process rights by refusing to give him a grievance form.  He further alleges Eighth Amendment violations of "negligence and verbal abuse" and mental and emotional stress stemming from having his religious freedom interfered with.  Plaintiff asks for monetary and punitive damages and "release on parole."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*First Amendment claim*

The First Amendment prevents the government from prohibiting or excessively curtailing the free exercise of religion.  However, according to the complaint, Defendant Womack telling Plaintiff he must leave the worship service was an isolated event.  Plaintiff states in his complaint that he had been to the worship service "numerous times."  A one-time interference with the free exercise of religion does not rise to a constitutional violation.  *See Gunn v. Kentucky*, No. 5:07CV-P103-R, 2010 WL 2555756, at *5 (W.D. Ky. June 18, 2010); *Greenberg v. Hill*, No. 2:07-CV-1076, 2009 WL 890521, at *6 (S.D. Ohio Mar. 31, 2009) ("[I]solated or sporadic government action or omission is de minimis and does not constitute a 'substantial

burden.'"); *Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002) (finding that an "isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's right to practice his religion"). Consequently, this claim will be dismissed by separate Order.

*Due-process claim*

Plaintiff alleges that Defendants Maxwell and Womack denied his request for a grievance form. Plaintiff asserts that the jail rules do not require an inmate to "wait to count time to get a grievance as these 2 officers rudely denied me one."

An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. County of Saginaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. Since Plaintiff has no right to an effective grievance procedure, *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991), a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, Plaintiff's claim relating to the grievance procedure must be dismissed.

*Eighth Amendment claim*

Plaintiff alleges "negaligence and verbal abuse in connection which the 8th amendment and 14th amendment with what Maxwell and Womack done. I also allege[] the torts of verbal

abuse mental and emotional stress under the 8th Amend. Constitution of the U.S." The Sixth Circuit has held that harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional tort. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Plaintiff's claims under the Eighth Amendment must be dismissed.

*Request for relief on parole*

To the extent that Plaintiff seeks release from confinement, such relief is not available in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

*State-law claims*

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's complaint.

Date:


cc:     Plaintiff, *pro se*
        Defendants
4413.009